IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MONICA R. HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-1741-G-BH |
| ) | |
| RICKEY SMILEY, ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The plaintiff filed this action on June 5, 2012. On that date, the Court sent her a *Notice of Deficiency and Order* advising that she had neither paid the filing fee or submitted a request o proceed *in forma pauperis* (IFP). (*See* doc. 4.) The notice and order specifically advised her that she must either pay the filing fee or submit an IFP motion within 20 days, and that a failure to comply could result in the dismissal of this case. *Id.* More than 20 days from the date of the notice and order passed, but the plaintiff did not paid the fee, filed an IFP motion, or file anything else in this case. On June 27, 2012, it was recommended that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court because the plaintiff had failed to either pay the filing fee for this case or submit a request to proceed *in forma pauperis* within 20 days as ordered. (*See* doc. 5.) On July 2, 2012, she filed a motion to proceed *in forma pauperis*. Because the plaintiff responded, the June 27, 2012 findings, conclusions, and recommendation were vacated. (*See* doc. 7.)

After granting her leave to proceed *in forma pauperis*, the Court sent the plaintiff a

questionnaire (MJQ) to obtain more information about her claims on July 2, 2012. (*See* doc. 9.) The MJQ specifically advised her that her answers to the questions were due within 20 days, and that a failure to timely file her answers could result in the dismissal of this case. *Id.* On July 9, 2012, she filed a notice of appeal of her case that appears to seek to add new, but very limited, facts. (*See* doc. 10.) More than 20 days from the date of the MJQ passed, but the plaintiff has not filed her answers.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to submit answers to the MJQ within twenty days despite a warning that failure to do so could result in dismissal of the case. Nor has she filed anything else. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files her responses to the MJQ within the time for objecting to this recommendation

**SO RECOMMENDED on this 30th day of July, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE